## HATIICOX v. WATERS, Warden.

No. A-11618. Aug. 1, 1951.

(234 P. 2d 950.)

Jearell Hathcox, per se.

Mac Q. Wliliamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, J.   At 9:00 a.m. on this 26th day of July, 1951, there was filed in this court, on behalf of Jearell Hathcox, a petition for writ of habeas corpus, and for order staying execution of death warrant and mandate of the Criminal Court of Appeals.   We immediately issued rule to show cause, and the Attorney General on behalf of the warden of the Oklahoma State Penitentiary, McAlester, Oklahoma, filed a response and the hearing was set for 1:30 p. m., and now comes on for hearing.   The unusual action was had by reason of the fact that the death warrant is scheduled to be executed at 12:01 a.m., July 27, 1951, a few hours hence.

On April 11, 1951, this court affirmed a judgment of the district court of Oklahoma county entered on March 29, 1950, after petitioner was found guilty of murder by a jury that fixed his punishment at death by electrocution, and the date for execution was set for June 26, 1951.   See Hathcox v. State, 94 Okla. Cr. 110, 230 P. 2d 927.   On May 16, 1951, this court denied a petition for rehearing and on June 23, 1951, the Governor of the State of Oklahoma, the Honorable Johnston Murray, by reprieve stayed the execution until 12:01 a.m., July 27, 1951.   It further appears that at 9:00 a.m., April 25, 1951, the district court of Pittsburg county denied an application by petitioner for a writ of habeas corpus.

It is the conclusion of this court after an examination of the petition that no jurisdictional questions are raised that have not heretofore been given consideration by this court, except as will be set out.   It is found that the trial court had jurisdiction of the person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence rendered, and that nothing occurred in the trial proceedings in the way of a denial of due process of law to cause the trial court to lose jurisdiction.

The contention that petitioner has not been properly represented by counsel is refuted by the record in this case.   Two able and experienced attorneys represented petitioner both in the trial court and in this court.

The contention that petitioner by being electrocuted would be deprived of life without due process of law as guaranteed by the Constitution of the State of Oklahoma and under the provisions of Art. 2, § 7 and § 1 "Due Process" of the Fourteenth Amendment of the Constitution of the United States of America, by reason of the fact that Enrolled Senate Bill 228 of the 1951 or 23rd Legislature provides for the infliction of the death penalty by lethal gas instead of by electrocution, is not tenable, in that it appears that a lethal gas execution chamber is not yet available at the Oklahoma State Penitentiary, McAlester, and the Act is therefore not yet effective, as provided by the very terms of the Act. Until said Act by its terms becomes effective, the infliction of the death penalty must be by electrocution.   Effective May 26, 1951.   See Tit. 22 O. S. 1941 § 1014, reading:

"The punishment of death must be inflicted by the administration of a lethal gas. Provided however, the punishment of death must be inflicted by electrocution until such time as a lethal gas execution chamber is available."

As to the matter of petitioner's application for a stay of execution to enable petitioner to perfect an application to the Supreme Court of the United States for a writ of certiorari, we would point out that more than three months have elapsed since this court affirmed the judgment entered by the trial court, and ample opportunity was afforded for such application to the Supreme Court of the United States. By the provisions of Art. 6, § 10 of the Constitution of the State of Oklahoma, the power to grant, after conviction, reprieves or stays is vested solely and exclusively in the Governor of the State of Oklahoma. This court does not issue stays of execution except in aid of its appellate jurisdiction.

For the above reasons, the application for writ of habeas corpus, and application for stay of execution, are denied.

BRETT, P. J., and JONES, J., concur.