**Bobby Joe WILLIAMS and Allen Clayburn Justus, Petitioners,**

v.

**The STATE of Oklahoma, Respondent.**

**No. H–76–32.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1976.

Richard L. Weldon, Don Anderson, Public Defender, Oklahoma City, for petitioners.

Larry Derryberry, Atty. Gen., for respondent.

OPINION

BUSSEY, Judge.

Petitioners, Bobby Joe Williams and Allen Clayburn Justus, were heretofore sentenced to suffer death for the offense of First Degree Murder in Case No. CRF–73–3181 of the District Court, Oklahoma County. Pending direct appeal to this Court in respective case nos. F–74–648 and F–74–650, we thereafter stayed the execution of each death sentence in aid of our appellate jurisdiction. Those cases were then consolidated for review and each judgment and sentence was subsequently affirmed by the opinion of this Court rendered on September 17, 1975. Upon Petition for Rehearing, our previous decision was then re-affirmed on November 25, 1975, the Mandate was directed to issue forthwith, our Order Staying Execution of Sentence was set aside, and the Warden of the State Penitentiary was ordered to carry out each judgment and sentence by the

execution of each Petitioner on February 23, 1976. See *Williams and Justus v. State*, Okl.Cr., 542 P.2d 554 (1975).

The present application is a Petition for Stay of Execution which we shall treat as an original proceeding for Writ of Habeas Corpus. Petitioners therein observe that in *Fowler v. North Carolina*, 419 U.S. 963, 95 S.Ct. 223, 42 L.Ed.2d 177, (1974), the Supreme Court of the United States granted certiorari and presently has under consideration the constitutionality of the death sentence in a case that may affect the validity of their own death sentences. Petitioners further announce that they intend to file a timely Petition for Writ of Certiorari with that Court, and pray that this Court further stay the execution of their death sentences so that they might seek such review.

In *Hathcox v. Waters*, 94 Okl.Cr. 286, 234 P.2d 950 (1951), this Court was previously presented with an application for stay of execution to enable the Petitioner to perfect an application to the Supreme Court of the United States for Writ of Certiorari. We therein denied that application and held that this Court was without such authority except in aid of our appellate jurisdiction. The third and fourth paragraphs of the Syllabus to that decision state:

"3. By statutory provision where this court affirms a judgment of a trial court fixing the penalty at death, and the time for execution has expired, it is our duty to fix a new date which is never less than sixty days nor more than ninety, Tit. 22 O.S.1941 § 1001, and said period affords the defendant ample time to make application to the Supreme Court of the United States for a writ of certiorari.

"4. By the provisions of Art. 6, § 10 of the Constitution of the State of Oklahoma, the power to grant, after conviction, reprieves or stays is vested solely and exclusively in the Governor of the State of Oklahoma, and this court does not issue stays of execution except in aid of its appellate jurisdiction."

Also, 22 O.S.1971, § 1004, provides, in pertinent part:

"No judge, court or officer, other than the Governor, can reprieve or suspend the execution of the judgment of death, . . . unless an appeal is taken."

With regard to the judgments and sentences involved herein, this Court scheduled execution for ninety (90) days subsequent to the issuance of mandate. Execution was therefore extended so far as permitted under the provisions of 22 O.S.1971, § 1001 and the previous decision of this Court in *Hathcox v. Waters*, supra. We therefore conclude that the Petitioners must seek any further stay of execution from the Governor of this State, or in the proper Federal forum.

For the above and foregoing reasons, the aforesaid Petition for Stay of Execution is hereby *denied*.

BRETT, P. J., and BLISS, J., concur.